IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| James Simmons<br>Keisha Simmons fka Keisha Hoskins-Simmons<br>                  Debtor(s) | CHAPTER 13 |
| Wilmington Savings Fund Society dba Christiana Trust, not individually, but solely as Trustee for NYMT Loan Trust I<br>                  Secured Creditor<br>vs.<br>James Simmons<br>Keisha Simmons fka Keisha Hoskins-Simmons<br>                  Debtor(s)<br>Charles J. DeHart, III Esq.<br>                  Trustee | NO. 19-01991 RNO |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Secured Creditor on the Debtor's residence is **$20,392.36,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | August 2019 through February 2020 at $1,202.08/month<br>March 2020 through December 2020 at $1,197.78/month |
| **Total Post-Petition Arrears** | **$20,392.36** |

2. The Debtor shall cure said arrearages in the following manner:

a) Debtors shall have until May 1, 2021 to pay Secured Creditor's claim in full, either through refinancing or selling the property.

b). Beginning on January 1, 2021, and continuing thereafter, Debtors shall pay the present regular monthly payment of **$1,197.78** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month to Secured Creditor.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Secured Creditor shall adjust the account accordingly.

4. In the event Debtors fail to pay Secured Creditor's claim in full by May 1, 2021, the Secured Creditor shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default by filing an Amended Plan to pay all pre- and post-petition arrears within Section 2(C) of the Plan within thirty (30) days of the date of said notice. If Debtor(s) should fail to file the Amended Plan within thirty (30) days, the Secured Creditor may file a Certification of Default with the Court and the Court shall enter an Order granting the Secured Creditor relief from the automatic stay.

5. In the event the payments under Section 2(b) above are not tendered pursuant to the terms of this stipulation, the Secured Creditor shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Secured Creditor may file a Certification of Default with the Court and the Court shall enter an Order granting the Secured Creditor relief from the automatic stay.

6. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

7. If the case is converted to Chapter 7, the Secured Creditor may file a Certification of Default with the court and the court shall enter an order granting the Secured Creditor relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by the Secured Creditor of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The undersigned seeks court approval of this stipulation.

11. The parties agree that a facsimile signature shall be considered an original signature.

Date:   December 1, 2020               **/s/ Rebecca A. Solarz, Esquire**
                                       Rebecca A. Solarz, Esquire
                                       Attorney for Secured Creditor


Date: *December 4, 2020*                /s/ Patrick James Best, Esquire
                                       Patrick James Best
                                       Attorney for Debtor(s)


                                       Agatha McHale, Esq.  **Attorney for Trustee**

Date: **12/16/2020**
                                       Charles J. DeHart, III Esq.
                                       Chapter 13 Trustee