LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
**James Simmons**
**Keisha Simmons**

Debtor(s)

CHAPTER: 13

CASE NO. 19-01991-HWV

| | | |
|---|---|---|
| | ☐ | ORIGINAL PLAN |
| 2nd | | AMENDED PLAN (indicate #) |
| 0 | | Number of Motions to Avoid Liens |
| 0 | | Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☒ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**
    1. To date, the Debtor paid $ 4,838.50 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 11,185.44 plus other payments and property stated in § 1B below:

    | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
    |---|---|---|---|---|---|
    | Month 1 (5/2019) | Month 26 (6/2021) | | | Total Paid to Date: | $4,838.50 |
    | Month 27 (7/2021) | Month 84 (4/2026) | $109.43 | | $109.43 | $6,346.94 |
    | | | | | Total Payments: | $11,185.44 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. *Check One:*
        ☒ Debtor is at or under median income.

    B. **Additional Plan Funding From Liquidation of Assets/Other**

    1. The Debtor estimates that the liquidation value of this estate is $ 0.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

        *Check one of the following two lines:*
        ☒ No assets will be liquidated. *If this is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

2

Case 5:19-bk-01991-MJC    Doc 79-2    Filed 06/30/21    Entered 06/30/21 12:16:34    Desc
Proposed Modified Chapter 13 Plan    Page 2 of 7

**2. SECURED CLAIMS.**

    *A.* **Pre-Confirmation Distributions.** *Check One:*

        ☒ None.

    **B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check One:*

        ☐ None.
        *If this is checked, the rest of § 2.B need not be completed or reproduced.*

        ☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| NEPA Community FCU | 33 Fairway Dr. | |

    **C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check One:*

        ☒ None.

    **D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)** *Check One:*

        ☐ None.
        *If this is checked, the rest of § 2.D need not be completed or reproduced.*

        ☒ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

3

Case 5:19-bk-01991-MJC    Doc 79-2    Filed 06/30/21    Entered 06/30/21 12:16:34    Desc
Proposed Modified Chapter 13 Plan    Page 3 of 7

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Island FCU | 2005 Lexus RX 330 | $500.00 | 5% | $525.00 |
| Middle Smithfield Township | Residential Dwelling | $5,360.74 | 0% | $5,360.74 |
| PA Dept of Revenue | Residential Dwelling | | | $0 *See Section 9 |
| Country Club of the Poconos | Residential Dwelling | | | $0 *See Section 9 |
| Wilmington Savings Fund Society - Fay Servicing | Residential Dwelling | | | $0 *See Section 9 |

E. **Secured claims for which a § 506 valuation is applicable.** *Check One:*

☑ None.

F. **Surrender of Collateral.** *Check One:*

☑ None.

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens*. *Check One:*

☑ None.

4

3. **PRIORITY CLAIMS.**

    A. <u>**Administrative Claims**</u>

    1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

    2. <u>Attorney's fees</u>. Complete only one of the following options:

        a. In addition to the retainer of $ 600.00 already paid by the Debtor, the amount of $ 4,282.53 ($3,400.00 remaining attorney fees plus $500.00 for this modified plan and $382.53 in reimbursement of costs)) in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

        b. $ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

    3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one:*

        ☑ None.

    B. <u>**Priority Claims (including certain Domestic Support Obligations).**</u>

    Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

    | Name of Creditor | Estimated Total Payment |
    |---|---|
    |  |  |

    C. <u>**Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)**</u>. *Check one:*

        ☑ None.

4. **UNSECURED CLAIMS.**

    A. <u>**Claims of Unsecured Nonpriority Creditors Specially Classified.**</u> *Check one:*

        ☑ None.

5

Case 5:19-bk-01991-MJC    Doc 79-2    Filed 06/30/21    Entered 06/30/21 12:16:34    Desc
Proposed Modified Chapter 13 Plan    Page 5 of 7

**B. <u>Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.</u>**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one:*

    ☑ None.

6. **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

    ☒ plan confirmation.
    ☐ entry of discharge.
    ☐ closing of case.

7. **DISCHARGE:** *(Check one)*

    ☒ The debtor will seek a discharge pursuant to § 1328(a).
    ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

    If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

    Payments from the plan will be made by the Trustee in the following order:

    Level 1: Adequate protection payments.
    Level 2: Debtor's attorney's fees.
    Level 3: Domestic Support Obligations.
    Level 4: Priority claims, pro rata.
    Level 5: Secured claims, pro rata.
    Level 6: Specially classified unsecured claims.
    Level 7: Timely filed general unsecured claims.
    Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS.**
Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

6

Debtors have refinanced their primary residence in order to pay certain secured creditors directly. On refinance, the Debtors have paid the secured claims of the PA Department of Revenue, Country Club of the Poconos, and Wilmington Savings Fund Society - Fay Servicing, directly and in full. As such, these claims will not be paid through the Plan.

Dated: June 30, 2021 /s/ Patrick J Best, Esq
Attorney for Debtor

/s/ James Simmons
Debtor

/s/ Keisha Simmons
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

7

Case 5:19-bk-01991-MJC    Doc 79-2    Filed 06/30/21    Entered 06/30/21 12:16:34    Desc
Proposed Modified Chapter 13 Plan    Page 7 of 7